UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WILLIAM D. MAYFIELD, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 05-0403-CV-W-GAF-P |
| | ) |
| JAMES A. GAMMON, et al., | ) |
| | ) |
| Respondents. | ) |

## ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his convictions in the Circuit Court of St. Clair County, Missouri, for second degree murder and driving while intoxicated. The Missouri Court of Appeals affirmed petitioner's convictions, *State v. Mayfield*, 83 S.W.3d 103 (2002), and the denial of his motion for post-conviction relief, *Mayfield v. State*, 136 S.W.3d 130 (2004).

As his sole ground for federal relief, petitioner claims that

> he was denied due process and effective representation in violation of the Sixth and Fourteenth Amendments to the United States Constitution in that reasonably competent counsel would have objected to the State's introduction and use of his 1993 BAC [blood alcohol content] conviction for enhancement purposes under the premises on the grounds that the record submitted in that regard fell patently short of demonstrating that Petitioner was either represented by or waived his right to counsel in that underlying matter rendering the same constitutionally unsound for purposes of enhancing what would have otherwise been a misdemeanor into a felony which in turn would have precluded his conviction for the Second

Degree Murder offense charged.

Doc. No. 1, supp. pp. 2-3 (petition).

The Missouri Court of Appeals considered and rejected petitioner's claim:

> The record here . . . contains a certified copy of the docket sheet from [petitioner's] July 16, 1993, conviction. The docket sheet indicates that [petitioner], appearing in person and without counsel, pled guilty to the amended charge of BAC and received a total fine of $345. Also included in the record is a Waiver of Counsel document, dated and signed by [petitioner], that clearly states in relevant part: "I wish to waive (my right to assistance of counsel), my right to trial and my other rights mentioned." Additionally, at the evidentiary hearing on his Rule 29.15 motion, [petitioner] testified that, prior to pleading guilty in 1993, the judge read the Waiver of Counsel document to him and he signed it.
>
> . . . The record in this matter is in proper form and substance and is not silent on the issue of waiver. The judgment was valid on its face and, therefore, sufficient to support the establishment of a prior conviction. As trial counsel need not make meritless objections, we hold that [petitioner] has failed to show he was prejudiced by his counsel's failure to object to the use of his 1993 conviction.

*Mayfield*, 136 S.W.3d at 133 (footnote and citation omitted).

"[A] determination of a factual issue made by a State court shall be presumed to be correct [and petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Strickland v. Washington*, 466 U.S. 668, 694 (1984)(in order to establish ineffective assistance of counsel, habeas petitioner must show that his attorney's performance

2

fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense). Petitioner has failed to satisfy the evidentiary requirement set out in § 2254(e)(1), and the Court finds no constitutional violation regarding the performance of counsel.

Accordingly, it is **ORDERED** that this petition for a writ of habeas corpus is denied, and this case is dismissed with prejudice.

/s/ Gary A. Fenner
GARY A. FENNER
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: 12/13/05          .

3